Todd M. Friedman (216752)
Meghan E. George (274525)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiffs*,
JONATHAN WEISBERG

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JONATHAN WEISBERG,** **individually and on behalf of all others similarly situated** | Case No.: 2:15-CV-08532-DDP-AGR |
| Plaintiffs, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS** |
| v. | DATE:    May 2, 2016 TIME:    10:00 a.m. DEPT.:    3 |
| **KENSINGTON PROFESSIONAL AND ASSOCIATES, LLC,** | *Hon. Dean D. Pregerson* |
| Defendant. | |

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I.      INTRODUCTION…………………………………………………….  1

II.     FACTUAL BACKGROUND………………………………………...  2

III.    LEGAL STANDARD…………………………………………….....  3

IV.     ARGUMENT………………………………………………………  5

    a.  Defendant fails to Meet Its Heavy Burden of Demonstrating that Its Speculative Harm Outweighs Plaintiff's Actual and Demonstrable Harm Caused By The Requested Stay…………………………………………………….. 5

        i.  Plaintiff and Putative Class Members Will Suffer Prejudice As A Result of A Stay……………………………………………….… 6

        ii. The Northern District has made it clear that the TCPA cases, which are in their infancy and where parties have yet to engage in discovery, should not be stayed premised on Spokeo…………………………………..……………...….9

    b.  The United States Supreme Court Case Spokeo V. Robins, Is Inapplicable To The Case At Bar…………….…...…………………………………....10

    c.  The Northern District Of California Recently Denied Defendant's Requests For A Stay When These Same Issues Were Raised In Both Kafatos V. Uber, And Lathrop V. Uber…………………………….13

V. CONCLUSION………………...…………………………… 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 WL 935516 at *2 (S.D. Cal. March 21, 2007) ................................................................................................8

*Baker v. G.C. Services Corp.*, 677 F.3d 775, 781 (9th Cir. 1982)............................12

*Bartlett v. Heibel*, 128 F.3d 497, 499 (7th Cir. 1997)................................................12

*Checker Cab Mfg. Co. v. Checker Taxi Co.,* 26 F.2d 752 (N.D. Ill. 1928);.............4

*Clinton v. Jones*, 520 U.S. 681, 706 (1997)................................................................5

*Dependable Highway v. Navigators, Inc.*, 498 F.3d 1059, 1066 (9th Cir. 2007).......8

*Doe v. Selection.com*, 2015 WL 5853700 (N.D. Cal. Oct. 8, 2015) ........................9

*Dolbeer v. Stout,* 139 N.Y. 486, 489, 34 N.E. 1102, 1102 (1893) ..........................4

*Edwards v. First American Corp.*, 610 F.3d 514 (9th Cir. 2010)............................11

*Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935) .................................4

*In re Target Corp. Customer Data Sec. Breach Litig.*, No. MDL 14-2522
    PAM/JJK, 2015 WL 5432115, at *7 (D. Minn. Sept. 15, 2015)......................11

*Jefferson Standard Life Ins. Co. v. Keeton,* 292 F. 53, 53 (4th Cir. 1923)...............4

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 130 S. Ct. 1605,
    1624 ................................................................................................................12

*Kansas City Southern Ry. v. United States*, 282 U.S. 760, 763 (1931) ...................4

*Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998)..........................................12

*Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ..................................................4, 5

*Larson v. Trans Union, LLC,* No. 3:12-cv-05726-WHO 2015 WL 3945052 (N.D.
    Cal. June 26, 2015)..........................................................................................9

*Lockyer v. Migrant Corp.*, 398 F. 3d 1098, 1110 (9th Cir. 2005) ...........................4

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-1111 (9th Cir. 2005)...............10, 11

*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) ............................1, 7

*Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 WL 2168917 at *5 (N.D.
    Cal. May 23, 2008)..........................................................................................8

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Ramirez v. Trans Union, LLC* 2015 WL 6159942 (N.D. Cal. June 22, 2015)..........7

*resenius Medical Care Holdings, Inc. v. Baxter Intern., Inc*., 2007 WL 1655625 at

   *5 (N.D. Cal. June 7, 2007)..................................................................8

*Rogers v. B-Real, L.L.C.*, 391 B.R. 317, 321-322 (2008).........................12

*Rosenberg v. Slotchin,* 181 A.D. 137, 138, 168 N.Y.S. 101, 102 (App. Div. 1917).4

*Spokeo v. Robins*, 135 S. Ct. 1892 (2015) ............................................1, 2

*Wadleigh v. Veazie,* 28 F. Cas. 1319, 1320 (C.C.D. Me. 1838)................4

*Woods v. Caremark PHC, L.L.C.*, No. 4:15-CV-00535-SRB, 2015 WL 6742124,

   at *3 (W.D. Mo. Nov. 2, 2015) ..........................................................12

**Other Authorities**

S. Rep. No. 95-382 at 5 (1997) ............................................................12

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Without a solid argument addressing the relevant issues in this case, Defendant Kensington Professional And Associates, LLC. ("Defendant"), asks this Court to delay a meritorious class action, and hold up the claims of thousands of individuals, premised on its speculation that the Supreme Court may rule in a manner which affects the procedural rights of putative class members involved in the case at bar.  Let us not forget, Defendant is alleged to have been mass-dialing thousands upon thousands of consumers, without consent, using an intrusive and obnoxious autodialer, in violation of the Telephone Consumer Protection Act *47. U.S.C. § 227 et seq.* ("TCPA").[1] Defendant hopes to avoid class-wide liability for these illegal activities entirely, premised on the slimmest of hopes that the Supreme Court will rule in a manner that invalidates the class action mechanism, overturns a ruling (which is hardly novel) within the clear authority of the FCC under the *Chevron* test, and thereby allows a company to break the law without repercussions. It seems highly unlikely that the Supreme Court will rule in such a manner, and it is also unclear how the case cited by Defendant would overlap in the case at bar.  In short, Defendant has not demonstrated a substantial likelihood that the ruling in *Spokeo v. Robins*, 135 S. Ct. 1892 (2015), will affect the claims at issue in the case at bar.  Defendant's dubious hopes should not suspend the claims of the thousands of consumers whose rights it violated, and whose lives, time, and privacy, it unwantedly invaded.

Defendant glosses over the significant and facially apparent differences inherent in the issues involved in the cases being heard by Supreme Court and their relation to the case at bar.  Simply put, *Spokeo* has no bearing on this case. *Spokeo*

---

[1] The Supreme Court of the United States has previously observed such unrestricted telemarketing calls to be an "intrusive nuisance" and an "invasion of privacy." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

asks whether a Plaintiff has standing if she has received no actual damages in a case brought under the Fair Credit Reporting Act, but the Ninth Circuit has already determined in a number of cases that a Plaintiff has standing to recover when no actual damages are asserted in a case brought under the TCPA. The Ninth Circuit determined in *Spokeo* that statutory damages result in an "injury in fact" that is "actual or imminent, not conjectural or hypothetical". *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 (9th Cir. 2014) <u>cert. granted,</u> 135 S. Ct. 1892, 191 L. Ed. 2d 762 (2015). Given that TCPA claims involve actual harm, i.e. invasion of privacy, charges for incoming calls, and merely contain a statutory liquidated damages provision to specify the floor and ceiling for assessing such actual damages, it seems abundantly unlikely that the Supreme Court would (or could) rule in such a manner that would impact a consumer's private right of action under this important consumer protection statute. Defendant is simply playing fast and loose with these issues, to delay and stall the inevitable.

## II.   <u>FACTUAL BACKGROUND</u>

Beginning in or around October of 2012, Defendant contacted Plaintiff on his cellular telephone, (310) 880-2922, in an attempt to solicit Defendant's services to Plaintiff. Defendant would make continual offers to help pay off Plaintiff's student loans. (Plaintiff's First Amended Complaint ["FAC"], ¶8). Defendant placed multiple calls in a single day, to Plaintiff's cellular telephone. (FAC, ¶9). Defendant often called from phone number (213) 503-8127. (FAC, ¶10). When making these constant calls to Plaintiff, Defendant utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). (FAC, ¶11).

After answering the telephone, Plaintiff would hear this artificial or prerecorded voice and be prompted to press a few keys in order to talk to a live representative. (FAC, ¶12). Upon pressing the keys, Plaintiff would receive a call from Defendant's telephone number (310) 388-4104. (FAC, ¶13). Plaintiff asked Defendant why they were calling him and what their name was. (FAC, ¶14).

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

Defendant stated that their name was "Kensington Profession and Associates" and that they were calling to provide a student loan refinancing service. (FAC, ¶15). Plaintiff asked how the Defendant received his phone number to which the Defendant responded that Plaintiff filled out a survey issued by Defendant. (FAC, ¶16).  Plaintiff is informed, believes and thereupon alleges that Plaintiff never filled out a survey nor provided his phone number to Defendant at any time for anything whatsoever. Plaintiff has never taken out any student loans. (FAC, ¶17).

After informing Defendant of this, Plaintiff told Defendant to cease calling his cell phone number anymore. (FAC, ¶18). Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Plaintiff. (FAC, ¶19). Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A). (FAC, ¶20). Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1). (FAC, ¶21).

Plaintiff is not a customer of Defendant KENSINGTON PROFESSIONAL AND ASSOCIATES LLC's services, have never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever, nor has Plaintiff purchased or used any goods or services offered by Defendant KENSINGTON PROFESSIONAL AND ASSOCIATES LLC at any time prior to the filing of the instant Complaint. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).  (FAC, ¶23).

## III. <u>LEGAL STANDARD</u>

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigations." *Landis v. N. Am. Co.,* 299 U.S.

248, 254 (1936).  "[T]his can best be done…[by] weigh[ing] competing interests and maintain[ing] an even balance. *Id*. citing to *Kansas City Southern Ry. v. United States*, 282 U.S. 760, 763 (1931); and, *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935).  Importantly, the Supreme Court imposed a heavy burden for a party moving for a stay of proceeding, stated that the moving party "must make a **clear case of hardship or inequity** in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255 (emphasis added).  "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both."  *Id*.  Finally, the Supreme Court cautioned that due to the "likelihood or danger or abuse…there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." *Id*. at 256 citing to *Dolbeer v. Stout,* 139 N.Y. 486, 489, 34 N.E. 1102, 1102 (1893); *Rosenberg v. Slotchin,* 181 A.D. 137, 138, 168 N.Y.S. 101, 102 (App. Div. 1917); *Wadleigh v. Veazie,* 28 F. Cas. 1319, 1320 (C.C.D. Me. 1838); *Checker Cab Mfg. Co. v. Checker Taxi Co.,* 26 F.2d 752 (N.D. Ill. 1928); and, *Jefferson Standard Life Ins. Co. v. Keeton,* 292 F. 53, 53 (4th Cir. 1923).

Further, "this Court must [sic] weigh the competing interests affected by the granting or denying [sic] a request for a stay," in accordance with the standard set out by the Ninth Circuit in *Lockyer v. Migrant Corp.*, 398 F. 3d 1098, 1110 (9th Cir. 2005):

> Citing Landis, we set out the following framework:
> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Here, this Court should exercise its broad discretion and deny Defendant's Motion, since the current action is not one of the "rare circumstances" that warrant Defendant's requested remedy, and Plaintiffs' interests in effectively adjudicating the case at hand on its merits outweighs any potential competing interests of the Defendant to stay the case.

## IV.   <u>ARGUMENT</u>

As discussed herein, Defendant's Motion should be summarily denied. Defendant has failed to meet its burden of demonstrating that Plaintiffs' interests in effectively adjudicating the case at hand on its merits is outweighed by the speculative competing interests of the Defendant that would be served by a stay. Further, and of critical import to the Court's decision here, the United States Supreme Court case *Spokeo v. Robins* is inapplicable to the current action. For these reasons, as discussed in more detail below, Defendant's Motion should be summarily denied.

### A.   DEFENDANT FAILS TO MEET ITS HEAVY BURDEN OF DEMONSTRATING THAT ITS SPECULATIVE HARM OUTWEIGHS PLAINTIFF'S ACTUAL AND DEMONSTRABLE HARM CAUSED BY THE REQUESTED STAY.

Defendant acknowledges that *Landis v. North American Co.*, 299 U.S. 248 (1936) is the lens through which this analysis is filtered without any explanation as to the effect said filter has on the analysis of this decision. However, Defendant failed to include in its Motion a discussion of any of the principles, rationale or guidance from *Landis*. *Landis* provided guidance to District Courts in ruling upon Motions for Stay Orders and observed that the analysis requires balancing the benefits of a stay with any hardship a stay may impose. Specifically, the Supreme Court stated:

THE LAW OFFICES OF TODD M. FRIEDMAN, PC

BEVERLY HILLS, CALIFORNIA

[A party seeking] a stay must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis*, 299 U.S. at 255.

The *Landis* matter definitively holds that it is the defendant's burden to "make a clear case of hardship or inequity" absent a stay of proceedings. Defendant has failed to do so. Rather, Defendant's Motion is replete with speculation that Defendant could potentially suffer absent a stay of proceedings.

       i.    *Plaintiff and Putative Class Members Will Suffer Prejudice As A Result of A Stay*

Defendant states, without any legitimate basis, that Plaintiff will not suffer prejudice from a stay of proceedings, and that any prejudice would be "minimal"; however this is simply untrue and Defendant uses misguided logic to arrive at this erroneous conclusion. Defendant is alleged to engage in widespread illegal marketing practices under the TCPA, whereby it solicits consumers on their telephones, using obnoxious, intrusive and invasive automated autodialing technology, without their consent to do so. Specifically, Plaintiff received phone calls offering Defendant's services to finance his student loans. (FAC, ¶10-17).

Because of the content of the calls and Defendant's offer of student loan financing to Plaintiff, the calls were clearly solicitation calls. Further, due to the fact that Plaintiff had never contacted Defendant previously, it is plausible to assume that this phone campaign was widespread.[2]  (FAC, ¶10-17, 23).

///

---

[2] A granting of Defendant's request for a stay on proceedings will permit Defendant to continue placing unwanted calls to consumers who have not provided consent, preventing Plaintiff from diligently furthering his duties as class representatives, which include swiftly seeking an injunction prohibiting such ongoing and harmful conduct.

Autodialing consumers to solicit products and services is <u>the</u> classic example of the type of unwanted activity expressly envisioned by Congress in passing the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 742-46 (2012).  The Supreme Court has noted that such unrestricted telemarketing is an "intrusive nuisance" and an "invasion of privacy." *Id.*  Yet, Defendant fails to indicate to the Honorable Court in its Request for a Stay of proceedings, whether it has, or intends to materially alter its practices, despite being faced with a nationwide class action lawsuit.[3]  What is abundantly clear is that members of the putative class will continue to suffer the exact kind of damages at issue, during the pendency of the stay, and that Defendant will continue to profit by way of these allegedly illegal marketing practices, and gain an unfair competitive advantage over law-abiding competitors.

What's more, Defendant fails to consider the prejudice that Plaintiff will suffer if the Stay is granted.  Plaintiff will further suffer harm from a stay, resulting from lapse of time, memory of witnesses fading, and company turnover at Defendant's place of business, with regard to material witnesses.[4]  This issue is even more critical in the context of a class action, where due to the high volume of individuals involved, many of them will become more difficult to provide notice to or be in a position to receive the benefits of the action, due to lapse of time.  Class members and Plaintiff will be continuously burdened by the stress of a pending

---

[3] Defendant also fails to cite the case of *Ramirez v. Trans Union, LLC* 2015 WL 6159942 (N.D. Cal. June 22, 2015), which relied heavily on the fact that the defendant there had demonstrated that it had taken further steps to alter its behavior and comply with the law, as an important factor in granting the Defendant's request for a stay.  Since Defendant has made no such assurances to the Honorable Court, Plaintiff must be allowed to proceed diligently with his case.

[4] Defendant's employee witnesses are likely to turn over, during the pendency of a Stay.  New employees who were not involved in the original policies and procedures at issue in this case, will be subsequently tasked with becoming the persons most knowledgeable on complex issues, of which they have no firsthand knowledge.

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

litigation until the matter can finally be decided.  When weighing this heavy burden against Defendant's tenuous speculation (described below), the choice is clear.

Indeed, it is implausible to hold that time has *no* effect on the evidentiary course of a case. The question is a matter of degree.  If the case, for example, were stayed for ten years, it would be clearly implausible for Defendant to make such an argument.   Similarly, waiting until *Spokeo* is decided will have an effect on prejudicing Plaintiff and his case, the question is only a matter of how much.  And, while the exact amount of prejudice at issue is difficult to calculate, courts have long agreed that time will have an effect on evidence at trial.[5]  The salient issue is whether the supposed prejudice by Defendant outweighs the obvious prejudice involved with extending the time of any case. And, the Defendant has not met its burden in this case.

Further, Defendant's arguments that Plaintiff will not be prejudiced because Plaintiff claims only statutory damages is completely baseless and entirely ignores the class of people, whom Plaintiff represents, that will continue to suffer the harms described by Plaintiff.  As previously mentioned, Defendant has not stated that it will cease its illegal activity.

Most importantly, as explained by the Ninth Circuit, stays "should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time," *Dependable Highway v. Navigators, Inc.*, 498 F.3d 1059, 1066 (9th Cir. 2007) *citing Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).  Notably, Defendant has provided no valid argument to show that the timeframe in question is reasonable.  To ignore and assume that this issue is not time-sensitive is to improperly minimize the harm of the illegal activities and

---

[5] *Alltech, Inc. v. Cenzone Tech, Inc.*, 2007 WL 935516 at *2 (S.D. Cal. March 21, 2007); *Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc.*, 2007 WL 1655625 at *5 (N.D. Cal. June 7, 2007); *Network Appliance Inc. v. Sun Microsystems Inc.*, 2008 WL 2168917 at *5 (N.D. Cal. May 23, 2008).

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

practices of Defendant.   The Court must take this into consideration, when determining whether a Stay is appropriate here.

ii.   *The Northern District has made it clear that the TCPA cases, which are in their infancy and where parties have yet to engage in discovery, should not be stayed premised on Spokeo*

It must be highlighted that this case is in its infancy, and that the only real costs Defendant will incur between now and until its motion for class certification will be filed will be those associated with further discovery, much of which is necessary for the adjudication of Plaintiff's individual claims regardless of how the Supreme Court rules anyways.  When weighing a minor amount of additional cost relating to the anticipated class certification discovery, against the kind of severe prejudice that will be suffered by class members and Plaintiff as a result of a stay on the proceedings, it is certainly not clear that the inequity tips against Defendant and mandates a stay.

As the Northern District observed in *Doe v. Selection.com*, 2015 WL 5853700 (N.D. Cal. Oct. 8, 2015), these harm described by Plaintiff above is amplified in a case which is early in the stages of litigation (as the case at bar).  The *Doe* court crucially distinguished holdings in other cases involving a *Spokeo* stay motion, in a manner that is directly applicable to the case at bar.  Specifically, the *Doe* court observed *Larson v. Trans Union, LLC,* No. 3:12-cv-05726-WHO 2015 WL 3945052 (N.D. Cal. June 26, 2015), wherein the Court tentatively granted class certification and where the brunt of discovery had already been completed.  In *Larson*, Judge Orrick granted defendant's stay, primarily because he was ready to rule on class certification, and understood that his ruling could be overturned, depending on how *Spokeo* was ruled by the Supreme Court.  He also cited challenges for Plaintiff in proving his own individual standing to bring the alleged claims.  However, in *Doe*, Judge Orrick later distinguished his ruling in *Larson*, holding that because the *Doe* matter was in its infancy, and because the plaintiff had

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

no issue proving individual standing for his claims, the harms asserted by Defendant were speculative and also unsubstantiated:

> "this case is in its nascent development, whereas if I had not issued the stay in Larson, I would have ruled on class certification, summary judgment, and likely held the trial before Spokeo and Tyson Foods were decided. Because [the Defendant] has not shown that the relevant competing interests favor a stay, its motion is DENIED"
>
> …
>
> "Given that Doe can establish his own individual standing and proceed with his own individual claims irrespective of the ultimate impact of Spokeo and Tyson Foods, the only potentially unnecessary discovery here is class discovery. That will undoubtedly place some additional burden on [the defendant], but it has not shown that the additional burden is sufficient to justify staying this case, which could otherwise be delayed by almost nine months depending on the timing of the Court's rulings. With respect to class certification briefing, no matter the content of the decisions in Spokeo and Tyson Foods, the parties are unlikely to need to do more than submit supplemental briefs addressing the decisions and their impact on the class certification question here." *Doe v Selection.com,* at *1 and *5.

The case at bar has only begun the discovery process, and accordingly granting a stay here would be premature. Furthermore, Plaintiff individual standing and individual claims are not at issue in the case at bar. This case is a mirror image of *Doe,* a Northern District case, and a mirrored ruling is appropriate.

Even on this basis alone, Defendant's Motion should be denied in full.

## B.   THE UNITED STATES SUPREME COURT CASE OF *SPOKEO V. ROBINS* IS INAPPLICABLE TO THE CASE AT BAR

While stays may be appropriate if resolution of issues in the other proceeding could assist in resolving the current proceeding, Defendant has not met its burden of showing how the ruling from the United States Supreme Court could have any bearing upon, or relation to, the matter at hand. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-1111 (9th Cir. 2005) *citing to CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).

THE LAW OFFICES OF TODD M. FRIEDMAN, PC

BEVERLY HILLS, CALIFORNIA

Defendant asserts that this action should be stayed since the United States Supreme Court granted a Writ of Certiorari in *Spokeo v. Robins*, Case No. 13-1339. In so arguing, Defendant ignores the inherent differences between *Spokeo* and the case at bar.  Further, it is equally unclear whether the Supreme Court will decide the issues that Defendant wants decided, let alone decide them in its favor, which courts have taken as a sufficient reason to deny a stay. *See e.g. In re Target Corp. Customer Data Sec. Breach Litig.*, No. MDL 14-2522 PAM/JJK, 2015 WL 5432115, at *7 (D. Minn. Sept. 15, 2015).

Indeed, a closer examination of *Spokeo* shows that Defendant is simply grasping at straws to run the clock and make it more difficult for the Plaintiff to pursue his case before the evidence begins to stale.  For these further reasons, Defendant's Motion should be denied.

Specifically, *Spokeo* solely alleges violations of the Fair Credit Reporting Act and does not involve the TCPA.  While stays may be appropriate if resolution of issues in the other proceeding could assist in resolving the current proceeding, Defendant has not explained how a ruling from the United States Supreme Court considering a drastically different statute has any bearing upon, or relation to, the matter at hand.  *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110-1111 (9th Cir. 2005) *citing to CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962).

Of note, the Ninth Circuit found in *Spokeo* that a consumer pursuing liability for violations of the Fair Credit Reporting Act that did not allege any out of pocket loss still had standing in the U.S. District Courts, since the Legislature had created the award of statutory damages and intended such damages to be an injury for purposes of standing.  In so ruling, the Ninth Circuit followed the principles from its 2010 ruling in *Edwards v. First American Corp.*, 610 F.3d 514 (9th Cir. 2010) that found standing for a class-action that sought damages for violations of the Real Estate Settlement Procedures Act, even though the allegations did not allege any out of pocket loss by the consumers.

In this vein, courts have used existing precedent as a guideline, rather than speculate as to what the Supreme Court will do. *Woods v. Caremark PHC, L.L.C.*, No. 4:15-CV-00535-SRB, 2015 WL 6742124, at *3 (W.D. Mo. Nov. 2, 2015). And, numerous courts in the Ninth Circuit repeatedly held that a consumer alleging violations of the TCPA may seek strictly statutory damages without the need to prove or even allege actual damages.

In enacting these consumer protection statutes Congress intended private actions to be the main vehicle for enforcement. *See* S. Rep. No. 95-382 at 5 (1997); and, *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A.*, 130 S. Ct. 1605, 1624 (referring to "the FDCPA's calibrated scheme of statutory incentives to encourage self-enforcement").[6]   As explained by the Ninth Circuit, statutory damages are available without proof of actual damages. *Baker v. G.C. Services Corp.*, 677 F.3d 775, 781 (9th Cir. 1982). *See also Rogers v. B-Real, L.L.C.*, 391 B.R. 317, 321-322 (2008) ("the FDCPA does not require proof of actual damages as a condition to the recovery of statutory damages; *Keele v. Wexler*, 149 F.3d 589, 593-594 (7th Cir. 1998) (the FDCPA "is blind when it comes to distinguishing between plaintiffs who have suffered actual damages and those who have not."); and, *Bartlett v. Heibel*, 128 F.3d 497, 499 (7th Cir. 1997). Similarly, as described, the U.S. Supreme Court in *Mims* held that TCPA claims involve actual harm, i.e. invasion of privacy, and merely contain a statutory liquidated damages provision to specify the floor and ceiling for assessing such actual damages.  It is unclear how the decision in *Spokeo* could invalidate the Supreme Court's prior rulings about the

---

[6] The FDCPA (a similar statute to the TCPA with regard to its prescription of statutory damages) "permits and encourages parties who have suffered no loss [i.e., no actual damages] to bring civil actions for statutory damages." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008). *See also Nelson v. Select Fin. Serv.s, Inc.*, 2006 WL 1672889 (E.D. Pa. 2006); *Phillips v. Amana Collection Serv.*, 1992 WL 227839 (W.D.N.Y 1992); *Diamond v Corcoran*, 1992 U.S. Dist. LEXIS 22793 (W.D. Mich. 1992).

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA

actual harm caused to consumers through TCPA violations.  Defendant does not delve into this issue, but instead merely speculates that *Spokeo* could impact the case at bar.  This bald assertion is not enough to meet Defendant's heavy burden of persuasion.

In sum, Defendant's Motion curiously requests this Court to Stay Plaintiff's action on the outside chance that the United States Supreme Court may issue a decision unrelated to the question pending before it.  Such a request should be disregarded by this Court.  In addition, the issue of whether a consumer may recover statutory damages without asserting actual damages is clear and unambiguous. Thus, Defendant's Motion should be denied.

## C.  THE NORTHERN DISTRICT OF CALIFORNIA RECENTLY DENIED DEFENDANT'S REQUESTS FOR A STAY WHEN THESE SAME ISSUES WERE RAISED IN BOTH *KAFATOS V. UBER*, AND *LATHROP V. UBER.*

In the cases of *Lathrop v. Uber Technologies, Inc.*, and *Kafatos v. Uber Technologies, Inc.*,[7] both currently pending in the Northern District of California, the Court recently denied Defendant Uber Technologies, Inc.'s Motion for Stay in both cases, when Defendant raised the same issues raised by the instant Defendant in the instant Motion.  (See Declaration of Todd M. Friedman, filed herewith, for true and accurate copies of those Orders.)

In the Court's order in the *Lathrop v. Uber* decision, the Court stated "Uber has not shown this is one of the "rare circumstances" in which a stay pending the resolution of an appeal in another case is appropriate."  Similarly, in the Court's order in the *Kafatos v. Uber* decision, the Court denied Defendant's request for a stay, stating, "the parties still require discovery on a number of factual issues regardless of the outcome of those cases."

---

[7]  See Declaration of Todd M. Friedman, for true and correct copies of the Courts' rulings in *Kafatos v. Uber Technologies, Inc.*, Case No. 15-cv-03727-JST and *Lathrop v. Uber Technologies, Inc.*, Case No. 14-cv-05678-JST.

Here, as stated herein, the same is true. This case is in its inception, and Plaintiff and Defendant still require discovery on a number of factual issues *regardless of the outcome of Spokeo.* To grant a stay would just delay this case from moving forward and would delay the parties in conducting the necessary discovery that they would otherwise need to conduct after a stay is inevitably lifted. Plaintiff submits that this Court rule as the Northern District of California has recently ruled, and hold that Defendant "has not shown this is one of the "rare circumstances" in which a stay pending the resolution of an appeal in another case is appropriate."

## V.    CONCLUSION

Based upon the foregoing discussion, Plaintiff respectfully requests this Court deny Defendant's Motion since the cases at issue examine an entirely unrelated situation and a Stay would prejudice Plaintiff.  Plaintiff's claims should be allowed to proceed on track.

Dated: April 10, 2016        THE LAW OFFICES OF TODD M. FRIEDMAN

By: <u>Todd M. Friedman</u>
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFFS

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is The Law Offices of Todd M. Friedman, P.C., 324 S. Beverly Dr., Suite 725, Beverly Hills, California 90212. On April 11, 2016, I served the within document(s):

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY OF PROCEEDINGS**

- were served on all parties or their counsel of record named below by serving a true and correct copy in the manner indicated.

Geoffrey Gold
ERVIN COHEN & JESSUP LLP
9401 Wilshire Blvd, Ninth Floor
Beverly Hills CA 90212

Beth-Ann Krimsky
GREENSPOON MARDER, P.A.
200 E. Broward Blvd.,
Fort Lauderdale, FL 33301

☒      ECF – I caused the above document(s) and all supporting papers to be served on all counsel named above through the ECF system.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on April 11, 2016, at Beverly Hills, California.

/s/ Todd M. Friedman
TODD M. FRIEDMAN

THE LAW OFFICES OF TODD M. FRIEDMAN, PC
BEVERLY HILLS, CALIFORNIA