O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN WEISBERG, individually and on behalf of all similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KENSINGTON PROFESSIONAL AND ASSOCIATES LLC,<br><br>Defendant. | Case No. CV 15-08532 DDP (AGRx)<br><br>**ORDER DENYING MOTION TO STAY CASE**<br><br>[Dkt. No. 27] |

Presently before the Court is Defendant's Motion to Stay the Case pending the outcome of the Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir. 2014), cert. granted 135 S. Ct. 1892 (2015), case in the United States Supreme Court. (Dkt. No. 27.) After considering the parties' submissions, the Court adopts the following Order.

**I. BACKGROUND**

This putative class action is brought under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (See First Am. Compl. ("FAC") ¶ 1.) Plaintiff Jonathan Weisberg alleges that in October 2012, Defendant called his cell phone "in an attempt to solicit Defendant's services to Plaintiff." (Id. ¶ 8.)

Defendant was offering student loan refinancing services. (Id. ¶¶ 8, 15.) Plaintiff alleges that he received multiple phone calls from Defendant on that single day, all with "an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. § 227(b)(1)(A)." (Id. ¶ 9-11.) After Plaintiff answered the phone, the recording said that Plaintiff could speak to a live person after pressing certain keys. (Id. ¶ 12.) Plaintiff alleges he pressed the keys as prompted, and then received a call from a different number, one Plaintiff alleges is associated with Defendant. (Id. ¶ 13.) Plaintiff then asked who was calling and why, to which a representative from Defendant answered that it was Kensington Professional & Associates, a provider of student loan refinancing. (Id. ¶¶ 14-15.)

Plaintiff asked how Defendant received his number and Defendant's representative said that Plaintiff had "filled out a survey issued by Defendant." (Id. ¶ 16.) Plaintiff alleges he never filled out a survey or provided Defendant with his number, particularly because he does not have student loans. (Id. ¶ 17.) Plaintiff told Defendant's representative these facts and asked Defendant to cease calling his phone. (Id. ¶ 18.)

Plaintiff alleges that "Defendant used an 'automatic telephone dialing system' as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Plaintiff." (Id. ¶ 19.) Further, these were not emergency calls and Plaintiff was charged for incoming calls on his cell number. (Id. ¶¶ 20-21 (citing 47 U.S.C. § 227(b)(1)(A)).) Plaintiff never used Defendant's services, provided his information to Defendant, or consented to receiving such calls from Defendant. (Id. ¶ 23 (citing 47 U.S.C. § 227(b)(1)(A)).)

Plaintiff brings this case on behalf of a putative nationwide class who received such unsolicited calls on their cell phones from Defendant using an automatic telephone dialing system. (Id. ¶ 24.) Plaintiff alleges he and the putative class were harmed by Defendant's actions because

> Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

(Id. ¶ 28.)

Plaintiff alleges two causes of action: (1) negligent violations of the TCPA and (2) knowing or willful violations of the TCPA. (Id. ¶¶ 35-42.) Plaintiff seeks statutory damages for both causes of action. (Id.) For the negligent violations, Plaintiff seeks $500 in statutory damages for every violation. (Id. ¶ 37 (citing 47 U.S.C. § 227(b)(3)(B)).) For the knowing or willful violations, Plaintiff seeks $1,500 in statutory damages for every violation. (Id. ¶ 41 (citing 47 U.S.C. § 227(b)(3)).) Plaintiff also seeks injunctive relief for the class under each of cause of action. (Id. ¶¶ 38, 42.)

This case is currently entering discovery, with Plaintiff serving his first set of interrogatories, requests for admission, and requests for production in early January 2016, and Defendant claims it has responded to those requests. (Mot. Stay at 4.) Now, Defendant has filed this Motion to Stay the case pending the Supreme Court's decision in Spokeo.

///

///

3

**II. LEGAL STANDARD**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of Cal., Inc., 593 F.2d 857, 863 (9th Cir. 1979); see also Landis v. North American Co., 299 U.S. 248, 254-255 (1936).

Where a stay may prejudice the opposing party, the party seeking a stay must show that the denial of a stay will result in some hardship. Landis, 299 U.S. at 255. The court must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

**III. DISCUSSION**

Defendant claims that a stay is warranted in this case because the Supreme Court's decision in Spokeo will have a direct bearing on whether Plaintiff and his putative class here have Article III standing. (Mot. Stay at 10-12.) According to Defendant, Spokeo involves the question of whether Congress can confer Article III standing by authorizing a private right of action based on

4

violation of a federal statute instead of a plaintiff being required to show actual, concrete, particularized harm. (Id. at 11.) Defendant argues this issue is relevant to this case because Plaintiff here has not alleged any actual harm and is only seeking statutory damages for the alleged violation of a statute. (Id.) Thus, Defendant argues that rather than put it through the prejudice of classwide discovery and potential motion practice, the Court should institute a stay in this case pending the Supreme Court's decision in Spokeo, which could be determinative of this case. (Id. at 12-15.) Further, Defendant argues that there is little to no prejudice to Plaintiff in entering a stay because the Supreme Court is projected to issue a decision in Spokeo by June 2016. (Id. at 15-16.)

Plaintiff responds that the decision in Spokeo would not be determinative of this case because the cases involve different statutes (the TCPA here and the Fair Credit Reporting Act in Spokeo) and that statutory standing — which is at issue in Spokeo — is not at issue in this case because Plaintiff alleged actual standing. (Opp'n at 10-13.) Plaintiff argues that "the U.S. Supreme Court in Mims held that TCPA claims involve actual harm, i.e. invasion of privacy, and merely contain a statutory liquidated damages provision to specify the floor and ceiling for assessing such actual damages." (Id. at 12; see also id. at 1, 7 (citing Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012)).) Further, Plaintiff claims that he would be prejudiced by a stay in this case. (Id. at 6-10.) Plaintiff claims a stay would prevent him from seeking an injunction to prevent Defendant from continuing to call potential class members, causing further harm. (Id. at 6-7

5

& n.2.) Plaintiff also argues that a stay would delay further discovery, which could result in "lapse of time, memory of witnesses fading, and company turnover at Defendant's place of business[] with regard to material witnesses." (Id. at 7 (footnote omitted).)

The Court notes that there is a potential for some minimal prejudice on both parties based on granting or denying the stay. Plaintiff will not be able to continue to seek discovery or ask for an injunction if a stay is granted. If a stay is denied, Defendant will be required to respond to classwide discovery.

However, the key to this Motion is that any decision regarding standing in Spokeo is not likely to be applicable to this case. Plaintiff here does not allege statutory standing, or standing based on the mere alleged violation of a federal statute. Instead, Plaintiff states his theory of actual, individual, concrete injury in the FAC:

> Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

(FAC ¶ 28.) The invasion of privacy and the allegation that the illegal calls cost Plaintiff and the class money — financial harm — are not speculative future injuries or injuries based on the violation of rights provided in a statute. Thus, while the relief sought here is injunctive and statutory damages, Plaintiff does allege actual monetary damages. Seeking statutory damages where they are available is not the same as alleging statutory standing.

6

Unlike the many cases Defendant cited in its Motion, Plaintiff has alleged sufficient actual injury to avoid a stay based on Spokeo's potential decision regarding statutory standing. (E.g., Mot. Stay at 1-2.) Further, Plaintiff's actual injury is not similar to the injury the plaintiff in Spokeo argued he suffered. The plaintiff in Spokeo claimed that the defendant had published false information about him, impacting his ability to find employment and causing him psychic injuries. Spokeo, 742 F.3d at 410. This allegation of injury was debated by the lower courts and discussed during the Supreme Court's oral argument as potentially insufficient to show actual injury for standing purposes. But in this case, Plaintiff has alleged an invasion of his privacy and monetary damages. These allegations are much more concrete and particularized than those alleged in Spokeo and have been accepted as actual injuries in other cases. Therefore, the Court declines to stay this case because any decision in Spokeo is not likely to change the standing analysis in this case.

**IV. CONCLUSION**

For all the reasons discussed above, the Court DENIES Defendant's Motion to Stay.

IT IS SO ORDERED.

Dated: May 3, 2016

DEAN D. PREGERSON
United States District Judge

7